UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS OSTROM, as Legal Guardian of
EDWARD OSTROM, a Legally
Incapacitated Individual,

       Plaintiff,                         CASE NO. 06-CV-12041

-vs-                                        PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

MANORCARE HEALTH SERVICES,
INC., d/b/a ARDEN COURTS OF
LIVONIA,

       Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR RECONSIDERATION**

      Before the Court is Defendant's February 1, 2007 Motion for Reconsideration (Docket No. 37) of this Court's January 22, 2007 Order. *See Ostrom v. Manorcare Health Servs., Inc.*, No. 06-12041, 2007 WL188132 (E.D. Mich. Jan. 22, 2007) (unpublished). On February 2, 2007, pursuant to Local Rule 7.1(g)(2), the Court requested that Plaintiff respond to Defendant's motion. Plaintiff filed a Response on February 9, 2007. (Docket No. 40). Having considered the parties' arguments, and for the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Reconsideration.

**I.    ANALYSIS**

    **A.    Standard of Review**

Local Rule 7.1(g) governs motions for reconsideration, and states, *inter alia:*

[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.

> The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

### B. Defendant's Arguments

Defendant makes the following arguments and requests for clarification in its Motion for Reconsideration:

(1) Clarification of whether the Court granted summary judgment on the "inadequate staffing and services claim";
(2) Reconsideration of whether the actions of Defendant's employees amounted to a "failure to act";
(3) The Court's inappropriate reliance on cases from other jurisdictions;
(4) Clarification of the Court's holding on the "chasing" aspect of Plaintiff's claim; and
(5) Clarification of Court's holding on the "placing Plaintiff in a position that could reasonably cause injury."

#### 1. Clarification of "Inadequate Staffing and Services" Claim

Defendant seeks clarification of the Court's Order on Plaintiff's "Inadequate Staffing and Services Claim." The Court held that Plaintiff failed to produce any evidence to support that claim. Therefore, Plaintiff's claim on this issue was dismissed. *Ostrom*, 2007 WL 188132, at *5.

#### 2. "Failure to Act," Cases in Other Jurisdictions,, and "Chasing" the Plaintiff

Defendant argues that there was a palpable defect in the Court's Opinion on Plaintiff's claims to the extent that it found that Defendant's employees "failed to take any action in light of a known risk." Defendant's contends that *Bryant* stands for the proposition that a jury can only assess a situation, without medical expert testimony, where a defendant was on notice of a particular risk failed to take "any" action in response. Defendant maintains that even though its

employees were on notice of the risk of Plaintiff's flight, the "monitoring" of Plaintiff constitutes an "action," thus involving medical judgment, and transforms the claim into medical malpractice.

The Court stated that this interpretation was too broad under *Bryant*. *Ostrom*, 2007 WL 188132, at *7. Under Defendant's theory, for the purposes of characterizing a negligence claim as ordinary or medical, a jury can only evaluate a situation where a defendant took "no," rather than "some," action, faced with a known risk.

The *Bryant* court, in analyzing the particular facts before it, concluded that a jury could evaluate, without medical expert testimony whether not taking any action in securing the plaintiff's bed rails was negligent. However, the Michigan Supreme Court did not create a bright-line rule that when, faced with a known risk, "inaction" constitutes ordinary negligence and "action" necessarily involves medical malpractice. In its discussion, the court stated:

> Similarly, no expert testimony is required here in order to determine whether defendant was negligent in failing to respond after its agents noticed that [the plaintiff] was at risk for asphyxiation. Professional judgment *might be implicated if plaintiff alleged that defendant responded inadequately*, but, given the substance of plaintiff's allegation in this case, the fact-finder need only determine whether any correction action to reduce the risk of recurrence was taken after defendant's agents noticed that [the plaintiff] was in peril.

*Bryant v. Oakpointe Villa Nursing Ctr.*, 471 Mich. 411, 431 (2004) (emphases added). Hence, this Court did not find that *Bryant* fashions the rule for which Defendant lobbies.

In its Order, this Court held that regardless of whether Plaintiff's claims amount to Defendant's employees taking "no," rather than "some," action, the issues do not implicate professional medical judgment. Defendant's staff was on notice that Plaintiff was a flight risk and were told to watch him more closely. Plaintiff appeared into the nursing home's hallway, in

3

an agitated state, and fled Defendant's employees' attempt to chase him through an unlocked door into an enclosed courtyard, where he tripped and suffered severe injuries. Other than its assertions, Defendant did not produce any testimony or proffer other evidence that medical expert testimony was required on the issue on the adequacy of the Defendant's response or lack thereof.

The Court cited *Reiss* and *Beauvais*, not in reliance upon Connecticut's substantive law for determining medical versus ordinary negligence, but rather as examples of situations where courts have found that incidents arising from the day-to-day custodial supervision of Alzheimer's patients do not necessarily involve professional medical judgment. *See Ostrom*, 2007 188132, at *7. The Court found that it similarly views the case as a situation involving the custodial, and not the medical, aspects of the nursing home's responsibilities toward Plaintiff. *Id.*

Contrary to Defendant's arguments, the Court does not find *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26 (1999), to be relevant to Plaintiff's surviving claims. *Dorris* involved a situation where a plaintiff sued a hospital for injuries she sustained when another psychiatric patient entered her room, beat her, and caused injuries. *Id.* at 31. The plaintiff in that case alleged that the defendant hospital had "*inadequate staffing* to supervise and monitor the behavior of patients under its psychiatric care." *Id.* (emphasis added). The court concluded that decisions involving staffing and patient monitoring involve questions of professional judgment. *Id.* at 47. As explained in its Order, this Court has already dismissed Plaintiff's inadequate staffing claims as a theory of recovery.

Finally, Defendant requests clarification on the status of Plaintiff's "chasing" claim. As explained in its Order, the Court considered Plaintiff's surviving claims as one course of

negligent conduct. In contrast, the *Bryant* court examined the different legal *theories*, under the same facts, to support recovery. Although Defendant seeks to separate each of the factual allegations underlying the alleged negligence into separate, independent claims, Plaintiff's surviving claims only establish one theory of negligence.

Therefore, for the foregoing reasons, the Court does not find a palpable defect in its Order.

### 3. Clarification of "Reasonably Cause Injury Claim"

Defendant argues that Plaintiff's "placing in a position that could reasonably cause injury" claim is vague, fails to allege a specific negligent action, and is akin to a strict liability claim. The Court agrees that this claim is vague, and at best, duplicative of Plaintiff's surviving claims. Therefore, the Court finds a palpable defect on this issue and **DISMISSES** this claim.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Reconsideration.

**SO ORDERED.**

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated:  February 15, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 15, 2007.

s/Denise Goodine
Case Manager